**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-16-0000892**
**29-JUN-2018**
**08:48 AM**

NO. CAAP-16-0000892

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


SHAMMAH LIMITED PARTNERSHIP,
by AUDREY MONIZ, Plaintiff-Appellee,
v.
EMILY PAET DE LEON,
and all other persons on the property,
Defendants-Appellants


APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
Wailuku Division
(DC-CIVIL NO. 16-1-2095)


SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Reifurth and Chan, JJ.)

Defendant-Appellant Emily Paet De Leon (De Leon) appeals *pro se* from the Judgment for Possession and the Writ of Possession, both entered on December 23, 2016, in favor of Plaintiff-Appellee Shammah Limited Partnership by Audrey Moniz (Shammah Ltd.) by the District Court of the Second Circuit, Wailuku Division (district court).[1]

On November 18, 2016, Shammah Ltd. filed a complaint for ejectment against De Leon. Shammah Ltd. alleged that it was the owner of the subject property through its purchase from Wells Fargo Bank Association, as Trustee for Lehman Mortgage Trust

---

[1]  The Honorable Adrianne N. Heely presided.

Mortgage Pass-Through Certificates, Series 2007-4, Nationstar Mortgage LLC (Wells Fargo) on or about September 15, 2016. Shammah Ltd. asserted that De Leon was unlawfully occupying the subject property without Shammah Ltd.'s consent or permission and despite written notice to vacate, and therefore prayed for, *inter alia,* a Judgment for Possession and a Writ of Possession. On November 25, 2016, De Leon filed an objection to the Complaint challenging, *inter alia,* the prior foreclosure proceeding brought by Nationstar Mortgage LLC and arguing that title to the subject property is at issue.[2]

Although De Leon did not provide transcripts of the proceedings below, it appears from the district court clerk's minutes that hearings were held on November 28, 2016 and December 19, 2016, and trial was set for February 6, 2017. On November 28, 2016, Shammah Ltd.'s counsel, Benjamin Acob (Mr. Acob), as reflected by the district court clerk's minutes, indicated that he would be filing a motion for summary judgment (MSJ), which the court set for hearing on December 19, 2016. Additionally, at the November 28, 2016 hearing, it appears that the district court set trial for February 6, 2017. On December 5, 2016, Mr. Acob filed a Withdrawal of Counsel stating that "at the request of Audrey Moniz, she will represent herself and/or SHAMMAH LIMITED PARTNERSHIP."

Although Shammah Ltd. had indicated that it would be moving for summary judgment for ejectment and writ of possession, the record on appeal is void of any written MSJ filed by Shammah Ltd. prior to the December 19, 2016 MSJ hearing.

On December 19, 2016, as reflected by the district court clerk's minutes, the district court noted that no written opposition was filed by De Leon as to Shammah Ltd.'s MSJ and the district court granted the MSJ over De Leon's objection.

On December 22, 2016, De Leon filed a "Non-hearing

---

[2]     In her objection, De Leon asserted that Shammah Ltd. "failed to prove that its purchase of the unsaid foreclosed 'Property', sold by Wells Fargo N.A., a nominee of Nationstar, LLC, reached completion, which it did not and by not reaching completion, precludes jurisdiction in this Honorable court[.]"

Motion for Court to Take Judicial Notice of the Adjudicative Facts and Law in Objection to Court's Arbitrary Jurisdiction and Invalid Judgment of December 19, 2016" (12/22/16 Motion), in which De Leon asserted that the district court improperly granted summary judgment for Shammah Ltd. at the December 19, 2016 hearing, because Shammah Ltd. had failed to file a written motion.

Judgment for Possession and Writ of Possession were thereafter entered by the district court on December 23, 2016, from which De Leon appealed.

We note that De Leon's points on appeal fail to comply with Hawaiʻi Rules of Appellate Procedure (HRAP) Rule 28(b)(4) requiring her to provide record citations and where in the record the alleged error was objected to or the manner in which the alleged error was brought to the attention of the court. Nevertheless, this court observes a policy of affording pro se litigants the opportunity "to have their cases heard on the merits, where possible." O'Connor v. Diocese of Honolulu, 77 Hawaiʻi 383, 386, 885 P.2d 361, 364 (1994). Therefore, we address her arguments on appeal to the extent they can reasonably be discerned. See Hous. Fin. & Dev. Corp. v. Ferguson, 91 Hawaiʻi 81, 85-86, 979 P.2d 1107, 1111-12 (1999); Hawaiian Props., Ltd. v. Tauala, 125 Hawaiʻi 176, 181 n. 6, 254 P.3d 487, 492 n. 6 (App. 2011).

On appeal, De Leon appears to contend that the district court erred by issuing the Judgment for Possession and the Writ of Possession, primarily challenging the prior judicial foreclosure sale of the subject property. However, the record demonstrates that De Leon failed to raise a title dispute as a defense to possession in this case pursuant to District Court Rules of Civil Procedure (DCRCP) Rule 12.1. DCRCP 12.1 requires a defendant to provide an affidavit stating the "source, nature and extent of the title claimed by defendant" and "further particulars as shall fully apprise the court of the nature of defendant's claim." The purpose of the affidavit is to obviate the risk of unsupported assertions that are insufficient to

3

sustain a claim that title is at issue thereby divesting the district court of jurisdiction. See <u>Deutsche Bank Nat. Trust Co. v. Peelua</u>, 126 Hawai'i 32, 36-37, 265 P.3d 1128, 1132-33 (2011). In this case, De Leon failed to submit an affidavit stating the source, nature, and extent of title sufficient to apprise the district court of the nature of her claim to title.

However, the district court erred when it, according to the district court clerk's minutes, held a hearing on, and granted a motion for summary judgment in favor of Shammah Ltd., when one had not been filed in the district court proceeding.[3]

In <u>Clarke v. Civil Service Commission</u>, 50 Haw. 169, 170, 434 P.2d 312, 313 (1967), the Hawai'i Supreme Court contemplated whether "summary disposition of a cause may properly follow a pre-trial conference though neither party has moved for summary judgment." The supreme court held that "assuming that the trial court has the power and authority to grant summary judgment sua sponte, such power can only be exercised in compliance with the provisions of the Rule." DCRCP Rule 56(c) requires that a motion for summary judgment be filed and served at least 10 days prior to the hearing:

> (c) [Summary Judgment] Motion and proceedings thereon. The motion shall be filed and served at least 10 days before the date fixed for the hearing. The adverse party may file and serve opposing memorandum and/or affidavits 72 hours before the time fixed for the hearing. The moving party may file and serve a reply 24 hours after the service of the opposition memorandum and/or affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

In this case, the district court essentially, *sua sponte*, entered summary judgment in favor of Shammah Ltd. and against De Leon, despite the fact that no party had filed a written motion for summary judgment. The district court's oral grant of summary judgment in favor of Shammah Ltd. without a

---

[3] If we rely only on the records filed in the district court, we similarly conclude that the Judgment of Possession and Writ of Possession were improperly entered without adequate process via a motion or otherwise.

written motion deprived De Leon of notice and an opportunity to respond.  See Querubin v. Thronas, 107 Hawai'i 48, 109 P.3d 689, (2005)(holding that the trial court erroneously granted summary judgment against Appellants without providing Appellants notice that entry of summary judgment against Appellants was under consideration).  De Leon did not receive proper notice because Shammah Ltd. failed to file an MSJ alleging that there was no genuine issue as to a material fact and that it was entitled to a judgment as a matter of law and therefore, De Leon did not have an opportunity to raise defenses on the merits of the proceeding. Based on the foregoing, we hold that the district court erred in orally granting summary judgment at the December 19, 2016 hearing and issuing the Judgment for Possession and the Writ of Possession both filed on December 23, 2016.

Moreover, it appears that the district court did not address De Leon's 12/22/16 Motion, which objected to the district court's oral ruling at the December 19, 2016 hearing.  Rather, the Judgment for Possession and the Writ of Possession were entered the following day.  Not only did De Leon's 12/22/16 Motion have merit, but an order addressing it should have been entered.

Therefore, IT IS HEREBY ORDERED that the Judgment for Possession and the Writ of Possession, both entered on December 23, 2016, by the District Court of the Second Circuit, Wailuku Division are vacated.

DATED:  Honolulu, Hawai'i, June 29, 2018.

On the briefs:

Emily Paet De Leon,
Pro-Se Defendant-Appellant.

Deborah K. Wright,
Keith D. Kirschbraun,
and Douglas R. Wright,
(Wright & Kirschbraun),
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

5